Maxwell, J.
This was an action by appellee against appellant upon a written contract dated April 1, 1898, pertinent parts of which are:
Frank, being the principal owner of a cyanide mill or plant, is desirous of disposing of the same. Bonnevie is willing to assist in the disposition thereof. Therefore, “in case said Bonnevie should produce or introduce a customer for said cyanide plant, to whom the same shall be disposed of on terms satisfactory” to Frank, Frank agrees to pay Bonnevie a. commission of ten per cent, of the purchase price, cash or- stock, “said commission to be paid said Bonnevie at the date of the payment of the purchase price or in installments, according to payment by such purchaser.”
Trial to the court, judgment for plaintiff for $1,500.00.
*166 There is no substantial conflict in the testimony, by which, and the pleadings, the following facts are established:
The United States Economic Reduction Company built a chlorination mill at Florence, Colorado, upon land the title to which stood in the name of David H. Moffat, trustee, under a contract to build a mill which would treat successfully 100 tons of ore per day. This contract not having been complied with, the property of the Unitfed States company passed into the hands of a receiver. The receiver leased the property to The American Reduction Company, in which latter named company Frank was a large stockholder, he and his friends owning a majority of the stock. The American company changed the plant to a cyanide plant. At the date when the commission contract above referred to was made, the American company having become embarrassed, had closed down operations at the mill, owing $10,-000.00 to the First National Bank of Denver, and $5,000.00 or $6,000.00 to The F. M. Davis Iron Works Company, which amounts were liens upon the property. April 13, 1898, Frank wrote Bonnevie a letter giving details with reference to the property. Bonnevie showed this letter to Frambach, who seems to have been looking for a mill, and at Frambach’s request Bonnevie arranged an interview between Frank and Frambach which took place April 15, 1898, at Frambach’s office, Bonnevie not being present. Subsequently Bonnevie had several interviews with Frambach regarding the matter. July 23 Frambach made a written contract with Frank by which Frambach, acting for himself or as agent for The Cripple Creek Beam Milling Company, agreed that, in the event that he purchased the mill at the receiver ’s sale, he would pay the obligations of The American Reduction Company to the First National Bank *167 of Denver and The F. M. Davis Iron Works Company, amounting to about $15,000.00 or $16,000.00, and would pay Frank for his interest in said' mill and machinery $10,000.00 and 100,000- shares of the capital stock of The Cripple Creek Beam Milling Company. Frambach purchased the property at the receiver’s sale July 26. Subsequently, either he or The Cripple Creek Beam Milling Company paid to the First National Bank of Denver and The F. M. Davis Iron Works Company $15,000.00 in settlement of the obligations of The American Reduction Company above referred to.
It is contended by appellant that no recovery can be had, for the reasons, that the property in which appellant was interested, viz., the right and title to the machinery of The American Reduction Company, has not been paid for; that appellant has not received one dollar of the amount which has been paid, and, therefore, he is not liable under the terms of the commission contract.
The commission contract does not limit appellant’s liability to the payment of the commission on the purchase price of the machinery of The American Reduction Company, or to the moneys paid to appellant. Its terms are:
“That in case said Bonnevie should produce or introduce a customer for such ’cyanide plant to whom the same should be disposed of on terms satisfactory to said party of the first part (Frank), the said party of the-first part hereby agrees to pay or cause to be paid to said Bonnevie a commission of 10 per cent, of the piurchase price, if paid in cash, or such part thereof as may be paid in cash, and any remainder in shares at the rate of ten (10) per cent, of the capital stock in any new company formed, the said commission to be paid said Bonnevie at the date of the pay *168 ment of the purchase price, or in installments according to payment by said purchaser.”
It is apparent that the subject-matter of the contract is the cyanide plant; that the agent was to produce or introduce a customer to whom said plant should be disposed of, on terms satisfactory to appellant; that thereupon the agent should be entitled to a commission of ten per cent, of the purchase price, payable in installments as the purchase price was. paid.
The agent introduced the customer, with whom a satisfactory contract was made; the purchaser has paid $15,000.00 of the purchase price, and under the terms of the contract, the stipulated commission on that installment of the purchase price is due.
Payment of the commission was not dependent upon the payment, by the purchaser, of the entire purchase price, but upon the payment of any installment.
Under the authorities, the agent has made out a case against the principal, which would entitle him to recover. — Ross v. Smiley, 18 Colo. App. 204, and cases cited.
The case under consideration is unlike the cases cited by appellant, which hold that the agent is not entitled to a commission where he produces a purchaser who is only willing to make an option contract, and forfeits a small sum paid upon the execution of the contract, rather than accept the property; or where the agent’s commission is dependent upon his producing a customer, at a definite price and upon definite terms; or where the commission is dependent upon a completed sale, payment of the entire purchase price, and transfer of the property.
It is said that the sale was not made by reason of the introduction of Frambach to appellant.
The trial court found that the sale was consum *169 mated by appellee’s efforts. We cannot say that such finding was not supported by the evidence.
The judgment will be affirmed.

Affirmed.